14-3974
Singh v. Lynch

BIA
Poczter, IJ
A200 941 609

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand sixteen.

PRESENT:
REENA RAGGI,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

JAS PAL SINGH, AKA JASPAL SINGH,
*Petitioner,*

v.                                          14-3974
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Jaspreet Singh, Jackson Heights,
                       New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; M.
                       Jocelyn Lopez Wright, Senior
                       Litigation Counsel; Anthony J.

Messuri, Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jas Pal Singh, a native and citizen of India, seeks review of a September 26, 2014, order of the BIA affirming, without opinion, a February 12, 2013, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jas Pal Singh,* No. A200 941 609 (B.I.A. Sept. 26, 2014), *aff'g* No. A200 941 609 (Immigr. Ct. N.Y. City Feb. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162,

165-66 (2d Cir. 2008). "Considering the totality of the circumstances," the agency may base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Here, substantial evidence supports the agency's determination that Singh was not credible.

The IJ reasonably relied on inconsistencies between Singh's testimony and his earlier sworn statements to an asylum officer during a credible fear interview. *See also Xiu Xia Lin*, 534 F.3d at 165. The IJ did not err in first crediting the reliability of the interview: Singh's statements were typewritten, he was aided by an interpreter, and he indicated that he understood the questions posed. *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009). The IJ found that Singh's testimony was inconsistent with that interview because his testimony initially omitted that his sister had been raped, and gave different dates for when he was allegedly attacked in India. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . .

3

functionally equivalent."). In addition, Singh omitted from his interview (and his father omitted from his supporting affidavit), Singh's later assertion that opposition party members had burned down their family home. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166 n.3. Singh also testified inconsistently regarding whether he had ever been arrested in India. Singh did not provide a compelling explanation for any of the record inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The IJ reasonably relied further on Singh's failure to provide certain corroborating evidence to rehabilitate his discredited testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Singh's claims for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk